The Supreme Court reversed the judgment of the Common Pleas on April 20, 1885, in the following opinion, per:
Sterrett, J.
It was incumbent on plaintiff below to prove that the lumber, which is the subject of this action of trespass, belonged to himself. Eor that purpose he gave in evidence the record of an action of replevin, brought by him in 1883 against O. A. Seeley tor sixty thousand feet of hemlock lumber. This record evidence was supplemented by oral testimony of the Sheriff who executed the writ, tending to prove that the lumber now in controversy was part of the larger lot replevied by him in that case! The admission of this evidence, both record and oral, is assigned for error. We are satisfied, however, that it was neither incompetent nor irrelevant, and hence the first and second assignments are not sustained. The issue in the action of replevin, involving, as it appears to have done, the title of plaintiff below to the lumber replevied, as against both the defendant therein and the defendant in this suit, was determined in his favor ; but, inasmuch as it did not appear by the record that the lumber now in controversy was embraced in the action of replevin, it was necessary for him to prove the fact aliunde ; and for that purpose the Sheriff was called, not to contradict or correct any error in his return, but to identify the lumber as part of the larger lot replevied and delivered to plaintiff in the writ,-as set forth in his return indorsed therein. The command of the writ was to replevy sixty thousand feet of hemlock lumber at Dushore’s Switch, etc.', and the Sheriff’s return thereto was, “Replevied as within commanded * * * * and property replevied delivered to plaintiff.” It was undoubtedly competent for the plaintiff to identify the property thus replevied, and prove, if he could by the Sheriff or any other competent witness, that the lumber now in controversy was part thereof; but it is equally clear that the witness called by him was subject to cross-examination, in like manner as any other witness, for the purpose of testing his recol *450 lection and the accuracy of his statements. The fact that he was the Sheriff, by whom the writ of replevin was executed, can make no possible difference in that regard.
The avowed purpose of the offer, referred to in the third ' specification, was to show, by cross-examination of the Sheriff, that the lumber which is the subject of 'this action of trespass, “could not have been embraced in the writ of replevin upon which he made his return.” This was objected to because it was not cross-examination, and for the further special reason “that it is entirely immaterial to this issue, the only question being whether the lumber testified to was actually included in the lot of lumber replevied by the Sheriff, and delivered to the plainfiff in this issue, and which was found by a jury to belong to the plaintiff, the defendant in that issue having pleaded property in F. I. Page and N. K. Woodward.” There is no merit in either of these objections. The second is a reason in favor rather than against the offer. It is true, as therein stated, that the only question was whether the lumber in controversy was embraced in the replevin. The object of the proposed cross-examination was to show that it was not, and for that purpose we think it was clearly proper.
For similar reasons, the offers covered by the sixth, eighth and ninth specifications were erroneously excluded. Sufficient ground was laid to warrant the admission of the testimony suggested by these offers. It is unnecessary to notice the remaining assignments of error. Neither of them is sustained.
Judgment reversed and a .venire facias de novo awarded.